UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Johnny G. Bailey

Plaintiff,

v. Civil Action No.:

United States of America

Defendants.

______________________)

PLAINTIFF'S COMPLAINT

Plaintiff, Johnny Bailey, files this Complaint against the United States of America, hereinafter sometimes referred to as "Defendant," and alleges as follows:

I.

PARTIES, JURIDICTION, SERVICE OF PROCESS, AND VENUE

1.1 This is a medical malpractice case involving injuries to Plaintiff, Johnny Bailey.

1.2 Plaintiff, Johnny Bailey, resides at 1407 Lois Avenue, Tampa, Florida, within the jurisdiction of the Court.

1.3 The Defendant is the United States of America.

1.4 This Federal District Court has jurisdiction of this cause because this action is brought pursuant to and in compliance with 28 U.S.C §§ 1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act", which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

1.5 Venue is proper in this district pursuant to 28 U.S.C. § 1392(e) because the United States of America is a Defendant and (a) a substantial part of the events or omissions giving rise to the claim occurred in this district and (b) the Plaintiff resides in this district.

II.

## LIABILITY OF THE UNITED STATES OF AMERICA

2.1 This case is commenced and prosecuted against the United States of America pursuant to and in compliance with 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on Title 28 S.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages about which Plaintiff complains were proximately caused by the negligence, wrongful acts and omissions of employees of the United States of America at James A. Haley VA Hospital, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Florida.

III.

## DEPARTMENT OF VETERANS AFFAIRS IS AN AGENCY OF THE UNITED STATES

3.1 The Department of Veterans Affairs is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the Department of Veterans Affair, at all times material hereto, owned, operated and controlled the health care facility known as James A. Haley VA Hospital, located in Tampa, Florida, and through its agency, the Department of Veterans Affairs, staffed said health care facility with its agents, servants, and/or employees.

IV.

EMPLOYMENT, COURSE AND SCOPE

4.1 At all times material hereto, all persons involved in the medical and health care services that were provided or should have been provided to the Plaintiff at James A. Haley VA Hospital were agents, servants, and/or employees of the Department of Veterans Affairs, the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

V.

FACTS

5.1 This is a Federal Tort Claims action for monetary damages sustained by the Plaintiff resulting from personal injuries to the Plaintiff as a result of substandard, and therefore, negligent medical care.

5.2 On March 22, 2010, Plaintiff, Johnny Bailey, presented to the Emergency Department of James A. Haley VA Hospital, complaining of a toothache, a headache and pain on the left side of his forehead. On that occasion the Plaintiff's complaints and condition were communicated to several employees, agents, and/or servants of James A. Haley VA Hospital, who evaluated the Plaintiff. The Plaintiff was prescribed Amoxicillin and Vicodin and referred to a dentist.

5.3 On March 24, 2010, Plaintiff, Johnny Bailey, again presented to the Emergency Department of James A. Haley VA Hospital because his symptoms worsened and he had new symptoms. Emergency Room Staff were told that since his March 22, 2010 visit to the Emergency Room, Johnny Bailey started having additional symptoms, including difficulty concentrating, "talking out of his head," dizziness, losing his balance, acting strange and delusional and "not thinking straight."

5.4 During his examination on March 24, 2010, Emergency Room Staff noted that Johnny Bailey was unable to express himself. Entries in the Plaintiff's medical chart for the March 24, 2010 visit indicate that several employees, agents, and/or servants of James A. Haley VA Hospital recognized that Johnny Bailey was experiencing altered mental status, which was a significant deterioration of his neurological condition since he had been seen in that facility two days earlier.

5.5 Emergency Room Staff of James A. Haley VA Hospital did not admit Johnny Bailey for an appropriate evaluation of his deteriorating mental status on March 24, 2010.

5.6 On April 1, 2010, Johnny Bailey presented again to the Emergency Department of James A. Haley VA Hospital because he began suffering right sided weakness, right sided facial droop, and expressive aphasia, in addition to the symptoms noted during his March 24 visit.

5.7 During the April 1 visit, the Plaintiff was admitted to James A. Haley VA Hospital for evaluation, and he was ultimately diagnosed as having a stroke.

5.8 The failure of employees, agents, and/or servants of the Department of Veterans Affairs to admit Johnny Bailey for diagnostic testing and evaluation of the cause(s) of his neurological symptoms when he presented to James A. Haley VA Hospital Emergency Department prior to April 1, 2010 was an omission by medical service providers which deviated from the prevailing professional standard of care and such omission proximately caused Johnny Bailey to suffer irreversible neurological injury and functional impairment, including but not limited to expressive aphasia, weakness, loss of coordination, and dexterity of the right arm and hand, right homonymous hemianopsia, difficulty understanding questions and directions, slurred speech, right tongue deviation, and altered gait.

VI.

CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

6.1 Defendant, the United States of America, was negligent by its failure to admit Johnny Bailey to the James A. Haley VA Hospital or transfer him to another suitable medical facility on a timely basis for the diagnosis, evaluation and treatment of Johnny Bailey's neurological symptoms and underlying illness.

6.2 At all times mentioned herein, the employees, agents, and/or servants of the United States of America were negligent and causative.

VII.

DAMAGES

7.1 As a direct and proximate result of the above-described negligence of the employees, agents and/or representatives of the Defendant, Johnny Bailey has in the past and will in the future suffer and incur the following damages:

a. Costs and expenses of medical care, attention and treatment;

b. Costs and expenses of travel necessary to secure said medical care;

c. Costs of related medical expenses;

d. Loss of earnings and/or impairment of earning capacity and working ability;

e. Pain and suffering;

f. Physical handicap and disability connected with usual activities and recreations;

g. Shame, embarrassment and humiliation;

h. Loss of capacity for the enjoyment of life; and

i. Aggravation of pre-existing injuries and/or conditions.

VIII.

RELIEF

WHEREFORE, the Plaintiff, Johnny Bailey, demands judgment against the United States of America for compensatory damages, taxable costs of this action, and all other relief this Court deems just, proper and equitable.

Respectfully submitted,

Thaxter A. Cooper, Trial Counsel
Bar Number: 0991066
Attorney for Johnny G. Bailey
Law Office of Thaxter A. Cooper, P.A.
320 West Kennedy Boulevard
Suite 620
Tampa, FL 33606
Telephone: (813) 259-9050
Fax: (813) 259-9070
E-mail: Thaxter@TCooperLaw.com